In re JOINT EASTERN AND SOUTH-
ERN DISTRICT ASBESTOS
LITIGATION.

No. CV–87–4568.

United States District Court,
E.D. New York
and
S.D. New York.

Jan. 26, 1988.

MEMORANDUM AND ORDER

SIFTON, District Judge.

This matter is before the Court on plaintiff's motion for a protective order to pre-

vent the discovery of a portion of a "product book" prepared by plaintiff's attorney and reviewed by plaintiff in preparation for his deposition. Plaintiff claims that the product book constitutes work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure. Defendants have cross-moved for an order directing plaintiff to produce so much of the book as constitutes a series of photographs of asbestos products shown to plaintiff to assist him in identifying the asbestos product to which he was exposed. The defendants do not seek production of any of the written materials in the product book authored by plaintiff's counsel.

This motion arises out of the deposition of George McLaughlin, a plaintiff in one of the asbestos actions consolidated for pretrial purposes in this Court. This decision is, however, of general applicability to other New York Asbestos Litigation actions assigned to the undersigned for purpose of pretrial preparation.

Plaintiff claims that the product book, containing pictures of defendants' products, logos, boxes, containers and trade dress as well as the corporate histories of the defendants, was produced by the attorneys in anticipation of litigation and, as such, constitutes work product. Both sides recognize that work product is discoverable only when the party seeking discovery can show "substantial need of the materials ... and that party is unable without undue hardship to obtain the substantial equivalent...." Rule 26(b)(3). Plaintiff alleges that, since all the information in the product book was obtained from defendants' own sources (brochures, sales catalogues, advertisements), the contents are readily available to defendants through their own sources and need not be disclosed by plaintiff.

Defendants claim that they are entitled to discovery of the product book on the ground that defendants have met the "substantial need" test set out in Rule 26(b)(3) and because Federal Rule of Evidence 612 requires disclosure. Defendants contend that, since the product book was used by plaintiff to refresh his memory and, in any event, was shown to a witness who will testify on the important issue of product identification, it must be disclosed to defendants despite the work-product privilege.

■ Where a party uses attorney work product to refresh his memory, the potential for conflict exists between Rule 612, which favors disclosure of materials used to refresh a witness' recollection, and the work-product privilege. *See* 3 J. Weinstein, *Weinstein's Evidence* ¶ 612[04]. Courts have found that a balancing test can reconcile the two rules. On a case-by-case basis, it is appropriate to balance the competing interests in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule. *Berkey Photo Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y. 1977); *Bloch v. Smithkline Beckman Corp.*, No. CV–82–510, slip op. (E.D.Pa. April 9, 1987) [available on WESTLAW, 1987 WL 9279]; *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del.1982). The rules may be reconciled because the "interests of justice" standard of Rule 612 incorporates as part of the balancing analysis the protection afforded by the work-product doctrine, *see Bloch, supra,* while the "substantial need" requirement of Rule 26 can take into account the need for disclosure under Rule 612. *In re Comair Air Disaster Litigation,* 100 F.R.D. 350, 353 (E.D.Ky.1983).

The leading case in this circuit, *Berkey Photo, supra,* held that under certain circumstances a party who uses work product in preparation for testimony may waive the work-product privilege. The court noted that, in light of the modern rules favoring broad disclosure,

"it is disquieting to posit that a party's lawyer may 'aid' a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance. There is much to be said for a view that a party or its lawyer, meaning to invoke the privilege, ought to use other and different materials, available later to a cross-examiner, in the preparation of witnesses.

**6**

When this simple choice emerges the decision to give the work product to the witness could well be deemed a waiver of the privilege."

74 F.R.D. at 616. Thus, one of the factors to be considered in balancing the interests according to the *Berkey* court is whether the attorney using the work product attempted "to exceed the limits of preparation on the one hand and concealment on the other." 74 F.R.D. at 617. Other factors to be weighed include whether the work product is "factual" work product or "opinion" work product involving the attorney's conclusions and legal strategies, which are absolutely protected. *Al-Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods Co.*, 92 F.R.D. 779 (S.D.N.Y.1982). A court will also consider whether the request constitutes a fishing expedition. *James Julian, supra.*

■ The parties do not dispute that the product book constitutes some form of work product. It is a tangible item, prepared in anticipation of litigation by or for another party or that party's representative. 8 Wright & Miller, *Federal Practice & Procedure*, § 2024. The parties, however, do not agree as to whether the book contains mere factual work product or whether it reveals aspects of the attorney's legal strategy. Where an attorney selects a group of documents from a group and places the facts in a particular order, some courts have accorded that product absolute protection because it revealed the attorney's intended lines of proof and legal strategy. *Sporck v. Peil*, 759 F.2d 312 (3d Cir.1985). However, in the instant case, upon review of the disputed material and the papers presented on this motion, I am not persuaded that the pictures sought reveal much concerning the attorney's thinking or legal strategy or constitute a selection or ordering of information according to some legal theory. Accordingly, I do not find that the work product requires absolute protection.

■ Defendants may, as a result, gain access to the portions of the book sought to be disclosed either upon a showing of substantial need or upon evidence that it was used by the witness to refresh his recollection. The balancing test mandated by both Rule 612 and Rule 26(b)(3) as applied to this case requires that the motion for a protective order be denied and the motion to compel disclosure be granted. These materials focus on the crucial issue of product identification. The documents used by plaintiff to prepare for deposition on that issue are necessary to defendants in order to test the credibility and memory of the witness and to determine what effect the document review had upon the witness' testimony. Although defendants may have access to the contents of the product book, they do not know what was shown to the plaintiff in anticipation of questioning on the subject of product identification. Without reviewing the product book, defendants' counsel cannot know or inquire into the extent to which the witness' testimony was affected by counsel's presentation.

Plaintiff points out that Rule 612 does not apply in the *McLaughlin* case because defendants have not yet attempted to discover whether the product book actually refreshed plaintiff's memory. Since defendants have not yet inquired as to whether the product book was used by the plaintiff to refresh his recollection, some foundation would have to be laid in order to force disclosure under Rule 612.

However, even without Rule 612, the portion of the product book sought should be disclosed to defendants on the basis of defendants' demonstration of substantial need, as set out in Rule 26(b)(3). Defendants have no other method of obtaining the identical material, i.e., the material that was shown to the plaintiff. Defendants cannot by other means learn whether the product book was used in a suggestive fashion so as to encourage plaintiff to recognize items he would not otherwise recognize.

Accordingly, the motion for a protective order is denied. Plaintiff is directed to disclose all photographic or xerox reproductions of product packages and advertisements depicting company trademarks, trade names, trade dresses or logos which

have been shown to a person intended to be called as a witness at trial on the issue of product identification in advance of his or her testimony at a deposition.

SO ORDERED.