John C. PARRY and John C. Parry & Sons Co., Inc., Plaintiffs,

v.

HIGHLIGHT INDUSTRIES, INC., Defendant.

No. G88–86 CA1.

United States District Court, W.D. Michigan, S.D.

May 4, 1989.

Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C. by Stephen L. Peterson and Christopher P. Issac, for plaintiffs.

Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich. by John McGarry and Bruce Hudson, for defendant.

## OPINION

ENSLEN, District Judge.

This matter is before the Court on defendant's appeal from Magistrate Rowland's February 1, 1989 Order granting plaintiffs' Motion to Compel. The defendant argues that the documents ordered disclosed are privileged either as an attorney-client communication or as work product. Plaintiffs argue that, because a defense witness reviewed the documents at issue in preparation for his deposition, they are subject to disclosure under Federal Rule of Evidence 612. Plaintiffs further argue that disclosure is necessary in the interests of justice, because the witness gave evasive answers during his deposition, and disclosure of the documents is the only available means of determining whether defense counsel "coached" the witness to give those answers.

## STANDARD OF REVIEW

As the parties are well aware, this Court may not reverse a magistrate's opinion on a non-dispositive matter unless it is demonstrated that the Magistrate's opinion was clearly erroneous or contrary to law. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir.1985): *Day v. Wayne County Board of Auditors*, 749 F.2d 1199 (6th Cir.1984); *Moore v. Secretary of Health and Human Services*, 651 F.Supp. 514 (E.D.Mich.1986).

## DISCUSSION

This is a patent infringement action involving mechanical devices used to dispense plastic stretch film. Kurt Riemenschneider invented the accused product. During the course of his deposition, Mr. Riemenschneider avoided use of the terms "tension" and "core" when describing his product. Instead, he used the terms "rotationally restricting the blow molded part (or body)" and "spindle." When asked whether he had reviewed any documents in preparation for his deposition, Mr. Riemenschneider admitted to reviewing an opinion letter and a two-page position paper prepared by his counsel. Plaintiffs' counsel requested production of these documents under Federal Rule of Evidence 612, on the grounds that the witness had used the documents in refreshing his recollection for the purpose of testifying. When defense counsel refused to produce the documents, plaintiffs filed a motion to compel, which Magistrate Rowland granted after a hearing on February 1, 1989.

Defendant appeals from that order, contending that the documents contain privileged material. In support of its appeal, defendants submitted the documents at issue, under seal, for *in camera* review by the Court. Plaintiffs object to the Court's consideration of the documents, contending that this would constitute *de novo* review of the Magistrate's opinion. While I disagreed with that argument, in light of the *ex parte* nature of defendant's request, I did not review the documents themselves until after I had reached my conclusion on the merits of defendant's appeal. Given this disposition of the matter, plaintiffs' motion to reconsider the order granting *in camera* inspection is denied, as moot.

Both parties agree that the cases are in conflict regarding the scope of the asserted privileges and the extent to which they are waived by a witness' review of privileged

material in preparation for testimony. The law is clear, however, that in resolving disputed claims of privilege the court should conduct an *in camera* review of the documents at issue to determine whether they are indeed privileged and whether the interests of justice require their disclosure. *See Barrer v. Women's National Bank*, 96 F.R.D. 202, 205 (D.D.C.1982); *Al–Rowaishan Establishment Universal Trading & Agencies Ltd. v. Beatrice Foods Co.*, 92 F.R.D. 779, 780 (S.D.N.Y.1982). In this case, the magistrate made no attempt to conduct an *in camera* review of the documents before ordering that they be produced. Given the defendant's claim that the documents contained "core" work product, absolutely privileged against disclosure, it was clearly erroneous for the magistrate to make his decision on this motion without at least reviewing the documents at issue.

The magistrate's basis for his ruling further demonstrates the necessity for *in camera* review. He ordered that the documents be disclosed because one of the documents was prepared well in advance of plaintiffs' notice of claim against the defendant. Tr. at 15. Because the document was prepared before the defendants knew that plaintiffs would threaten suit, Magistrate Rowland concluded that it could not possibly have been prepared in anticipation of litigation.

▇▇▇ The work product privilege is not so narrow, however, that it applies only to documents prepared after a party receives notice that litigation will occur. As the court noted in *Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1120 (7th Cir.1983), whether a document may be said to have been prepared in anticipation of litigation depends upon whether, "in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *See also James Julian Inc. v. Raytheon Co.*, 93 F.R.D. 138, 143–44 (D.Del.1982) (document prepared before notice of litigation was work product where it discussed prospect of the litigation, identified plaintiff and identified many of the factual and legal issues at stake); *Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982) ("While litigation need not be imminent, the primary motivating purpose behind the creation of the document ... must be to aid in possible future litigation"). That one of the documents was prepared well before plaintiff asserted a claim against defendant does not mandate a finding that the document was not prepared in anticipation of litigation. "Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced." 8 Wright & Miller, *Federal Practice & Procedure, Civil*, § 2024 at 198 (1988). This is especially true in the context of patent litigation, where the plaintiffs' claim becomes a matter of public record after a patent is issued, and the law encourages potential infringers to review patents to avoid suit. Moreover, in this case, two documents were at issue, and the Magistrate admittedly had no knowledge of the preparation date of the second document. Yet, he ordered it produced on the theory that it was also prepared prior to the initiation of litigation and could not be considered work product. Given the clear preference against disclosure of work product, it was error for the Magistrate to reach this conclusion without reviewing the documents at issue.

Having determined that the Magistrate's decision was in error, it remains to be decided whether the documents at issue should, nevertheless, be produced. Federal Rule of Civil Procedure 26(b)(3) provides that a party may obtain discovery of "documents ... prepared in anticipation of litigation ... by or for another party ... only upon a showing that the party seeking discovery has substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even where a party makes this showing, however, the rule prohibits disclosure "of the mental impressions, conclusions, opinions or legal theories of an attorney...." *Id. See Toledo Edison Co. v. G.A. Technologies, Inc.*, 847 F.2d 335, 340

(6th Cir.1988) ("the rule flatly states that the court is not to permit discovery of 'mental impressions, conclusions, opinions, or legal theories or an attorney ...'"); *Sporck v. Peil*, 759 F.2d 312, 316 (3rd Cir. 1985). This type of work product "is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." *Sporck*, at 316.

Federal Rule of Evidence 612 provides for the disclosure of documents reviewed by a witness prior to testifying for the purpose of refreshing the witness' recollection. The rule does not expressly exempt privileged matter from disclosure and, therefore, conflicts, to some extent with Rule 26(b)(3). A number of courts have resolved this apparent conflict by allowing disclosure of privileged materials where necessary in the interests of justice. *In re Joint Eastern and Southern District Asbestos Litigation*, 119 F.R.D. 4, 5 (E.D. & S.D.N.Y.1988); *Barrer v. Women's National Bank*, 96 F.R.D. 202 (D.Col.1982); *James Julian Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del.1982); *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8 (N.D.Ill.1978).

■ In deciding whether a party's review of privileged documents prior to testifying waives their privileged nature, the court must balance the need for full disclosure against the need to protect the integrity of the adversary system. *Asbestos Litigation*, 119 F.R.D. at 5. Three factors are relevant to this balancing process: whether witness "coaching" may have occurred; whether the documents reviewed constitute "factual" or "opinion" work product; and "whether the request constitutes a fishing expedition." *Id.* at 6. In that case, as well as *Women's National Bank* and *James Julian*, the balancing process weighed in favor of disclosure because the courts were concerned that a witness' testimony may have been colored by review of potentially biased documents or compilations of documents. I note that none of these cases involved the kind of work product at issue here—work product reflecting an attorney's opinions about a particular lawsuit. In *Women's National Bank*, the document at issue was a memorandum prepared by the witness for her attorney. In *James Julian*, the defendants sought disclosure of a binder of documents, each of which had already been disclosed by plaintiffs. The attorneys' work in organizing the documents was the allegedly privileged material. In *Asbestos Litigation*, the court granted disclosure of photographs reviewed by a witness but protected from disclosure any text written by the attorneys that accompanied those photographs.

■ In this case, plaintiffs' counsel seeks disclosure of the disputed documents because he fears that a crucial witness has been coached, through these documents, to avoid the use of certain terminology. Like plaintiffs, I find the witness' use of this tortured terminology interesting, but after reviewing the documents at issue, I cannot find that they sustain the plaintiffs' allegation of unfair coaching by defense counsel. The documents simply do not indicate any advice to the witness that he avoid using the terms "tension" or "core" when describing his product. Under these circumstances, I find that the plaintiffs have failed to establish either a substantial need to review the documents at issue or that their disclosure is necessary in the interests of justice.

Moreover, the documents at issue are core attorney work product. The first document is an opinion letter written by defendant's counsel, outlining the possible claims of infringement and counsel's opinion on the merits of those claims. The second document, also apparently authored by defendant's counsel, describes the defendant's product and counsel's understanding of plaintiffs' best argument that the product infringes their patent. Both of these documents contain very little factual material that could not be obtained elsewhere. The remainder of each document contains the privileged opinions of defendant's counsel on the merits of plaintiffs' infringement

claim and defendant's best responses to that claim. This constitutes core "opinion" work product which is absolutely privileged against disclosure. *Toledo Edison,* 847 F.2d at 340.

Disclosure of the documents at issue would, therefore, violate Rule 26's prohibition against discovery of an attorney's work product. Because the documents contain no information substantiating plaintiff's claim of witness coaching, their disclosure is not mandated "in the interests of justice," by Rule 612. For these reasons, I find that the Magistrate's decision was contrary to law. His order granting plaintiffs' motion to compel is reversed. The Court will enter an order denying that motion.

 Plaintiffs' argument that this appeal should be dismissed pursuant to Local Rule 22 is without merit. Rule 22 provides that, "any attorney who absents himself [during any hearing or trial] consents to such proceedings as may occur in the courtroom during his absence." Due to a scheduling mix-up, defense counsel was not present at the hearing on plaintiffs' motion to compel. Plaintiffs argue that, under Rule 22, defendant's counsel consented to the entry of an order granting plaintiffs' motion. Rule 22 cannot be read to support that proposition. The rule means that parties who choose not to appear consent to the fact that a hearing is held, not to its result. In other words, the rule is designed to avoid claims that a result was reached without due process since one party was not present when the matter came on for hearing. It simply is not intended to preclude meritorious appeals from actions taken at such hearings.

Plaintiffs' motion for Rule 11 sanctions is also denied. Given the short time period for filing an appeal from a Magistrate's non-dispositive order, it was not objectively unreasonable for the defendant to file its appeal before reviewing the transcript of the February 1 hearing.

### ORDER

In accordance with the opinion dated May 4, 1989;

IT IS HEREBY ORDERED that Defendant's Appeal from Magistrate Rowland's February 1, 1989 Order is GRANTED;

IT IS FURTHER ORDERED that the February 1, 1989 Order is REVERSED and that Plaintiffs' Motion to Compel is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration of this Court's March 21, 1989 Order is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' Request for Rule 11 Sanctions is DENIED.