**HAWORTH, INC., Plaintiff,**

v.

**HERMAN MILLER, INC., Defendant,**

and

**Arthur Anderson & Co.; The Knoll Group, Inc.; Mauri Sardi; James Williams; Harold Snodgrass; Ford F. Farabow, Jr.; Reff Corporation; Westinghouse Electric Corporation; Robert G. Mohr; and Steelcase, Inc., Movants.**

No. 1:92:CV:877.

United States District Court, W.D. Michigan.

May 30, 1995.

Raymond L. Sweigart, Washington, DC, Carole D. Bos, Bos & Glazier, Grand Rapids, MI, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, George M. Sirilla, Nancy J. Linck, William K. West, Jr., George Paul Edgell, Jeffrey A. Simenauer, Barry Paul Golob, James D. Berquist, Susan T. Brown, Cushman, Darby & Cushman, Washington, DC, Stuart I. Friedman, Friedman, Wittenstein & Hochman, New York City, Frank G. Smith, III, Ronald L. Reid, Alston & Bird, Atlanta, GA, John C. Buchanan, Lee T. Silver, Buchanan, Silver & Beckering, Grand Rapids, MI, for Haworth, Inc.

Ellen S. Carmody, James L. Wernstrom, Law, Weathers & Richardson, Grand Rapids, MI, James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, William H. Frankel, Willian Brinks Hofer Gilson & Lione, Chicago, IL, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Herman Miller, Inc.

James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, Willian Brinks Hofer Gilson & Lione, Chicago, IL, Susan A. Cahoon, Kilpatrick & Cody, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Carithers–Wallace–Courtenay.

Michael C. Russ, Sean R. Smith, King & Spaulding, Atlanta, GA, Daniel T. Schibley,

Dennis J. O'Hara, Wilson & McIlvaine, Chicago, IL, for Arthur Anderson & Co.

John M. Romary, Michael L. Leetzow, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, Robert H. Gillette, Wheeler Upham, P.C., Grand Rapids, MI, David H. Flint, Schreeder, Wheeler & Flint, Atlanta, GA, for Knoll Group, Inc., Mauri Sardi, James Williams, Harold Snodgrass, Ford F. Farabow, Jr., Reff Corp., Westinghouse Elec. Corp.

Randall G. Litton, Thomas M. McKinley, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for Robert G. Mohr, Steelcase, Inc.

Timothy E. Eagle, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Varnum, Riddering, Schmidt & Howlett.

Carmel C. Gill, Denver, CO, for U.S. West, Inc.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on plaintiff Haworth Inc.'s appeal from Magistrate Judge Rowland's May 3, 1995 Order granting defendant's motion to compel. Plaintiff argues that the magistrate erroneously ordered the disclosure of privileged attorney work product. Defendant Herman Miller, Inc. argues that the information is discoverable as information provided plaintiff's expert witness to assist the expert in forming his opinion.

## FACTS

This case is a patent infringement action, the specific facts of which are not relevant to the issue presented by this appeal. On March 21, 1995, defendant deposed plaintiff's trial expert, Dr. Timothy Springer. Defense counsel asked Dr. Springer to testify about discussions he had with plaintiff's counsel concerning Herman Miller, Inc. product manuals that plaintiff's counsel provided for his review. Plaintiff's counsel objected on the grounds that the information was protected from discovery as attorney work product. The magistrate judge was consulted via telephone. He advised that the arguments presented by counsel indicated that defendant was likely correct, that the deposition should continue, but that he would not rule on the matter absent a motion. Plaintiff's counsel continued to advise Dr. Springer not to answer questions about their conversations relating to the preparation of his expert report. The deposition terminated.

After a hearing and briefing on the issue, the magistrate judge granted defendant's motion to compel Dr. Springer to testify about all of his communications with plaintiff's attorneys in this case. Plaintiff was also sanctioned for failure to comply with discovery obligations. Plaintiff filed this appeal.

## STANDARD OF REVIEW

This court cannot reverse a magistrate's opinion on a non-dispositive matter unless the magistrate's decision was clearly erroneous or contrary to law. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir.1985), *cert. denied*, 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986); *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 450 (W.D.Mich.1989) (Enslen, J.). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir.1994). Therefore, this Court must exercise independent judgment with respect to the magistrate judge's conclusions of law. *Id.* Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to "do justice" or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion. *See* Fed.R.Civ.P. 37; *Barreto v. Citibank, N.A.*, 907 F.2d 15 (1st Cir.1990); *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.1970), *cert. denied*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). *See also, Ellison v. American Nat. Red Cross*, 151 F.R.D. 8, 9 (D.N.H.1993).

## DISCUSSION

Magistrate Judge Rowland ruled that all of the communications between plaintiff's coun-

sel and Dr. Springer were discoverable under Federal Rule of Civil Procedure 26., whether or not the communication contained attorney opinion work product. Rule 26 provides in relevant part:

**(a) Required Disclosures; Methods to Discover Additional Matter.**

. . . .

**(2) Disclosure of Expert Testimony.**

(A) [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . ., be accompanied by a written report prepared and signed by the witness. *The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; . . . .*

. . . .

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

. . . .

**(3) Trial Preparation: Materials.**
*Subject to the provisions of subdivision (b)(4)* of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *In ordering discovery of such materials* when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

**(4) Trial Preparation: Experts.**

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

## I. Reading Rule 26

The controversy presented by this appeal is whether and to what extent the work product privilege applies to the discovery of material presented to an expert witness who will testify at trial. The magistrate judge concluded that the discovery limits contained within Rule 26(b)(3) do not apply to subsection (b)(4)(A), which governs the deposing of an expert witness whose opinions will be presented at trial. He supported the broad scope of the discovery ruling after consulting Rule 26(a)(2) and commentary.

### A. Rule 26(b)(3), (4)

Rule 26(b)(3) is divided into two sentences: the first sets a standard for discovering documents and tangible materials prepared in anticipation of litigation or for trial; the second requires that a court protect against disclosure of attorney mental impressions, conclusions, opinions, or legal theories. The first sentence of subdivision (b)(3) begins with the words "subject to the provisions of subdivision (b)(4)." There is doubt among the courts as to whether both sentences in the first paragraph of (b)(3) are subject to any condition or differing standard found in subsection (b)(4). *See, e.g., Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 594 (3d Cir.1984) (holding subdivision (b)(4) not exempt from (b)(3) protection against disclosure of attorney mental impressions); *Intermedics v. Ventritex, Inc.*, 139 F.R.D. 384, 388 (N.D.Cal. 1991) (holding that the whole first paragraph of subdivision (b)(3) does not apply to (b)(4)). The implication is that opposing counsel's core work product could be discovered from an expert, even though another rule instructs

the court to protect against discovery of such material.

The Sixth Circuit in *Toledo Edison v. G.A. Technologies, Inc.*, 847 F.2d 335, 340–41 (6th Cir.1988), noted that material covered by subdivisions (b)(3) and (b)(4) "overlap." But, the *Toledo Edison* court was not faced with the precise issue at hand in this appeal;[1] so a considered review of the statute is required.

■ This Court believes that the drafters intended the terms "subject to" to mean that subdivision (b)(3) applies unless there is a standard to the contrary in subdivision (b)(4). While this Court can find different standards for ordinary work product,[2] there appears to be no differing standard for discovery of opinion work product. *See, e.g.,* Fed.R.Civ.P. 26(b)(4)(B). The present version of subdivision (b)(4)(A) does little other than provide for the deposing of an expert who will testify at trial. Subdivision (b)(4)(B) regards "facts known or opinions held" by non-testifying witnesses, and contains a very high standard for discovery. Subdivision (b)(4)(C) regards allocation of discovery costs.

At the time subdivision (b)(3) was enacted in 1970, subdivision (b)(4) read somewhat differently.[3] Confusion arose in the courts in the years after enactment of this first version of (b)(4) because of a provision whereby a court could order discovery "of facts known or opinions held" by the expert by means other than interrogatories, subject to restrictions of scope "as the court ... deem[ed] appropriate." *See* Fed.R.Civ.P. 26(b)(4)(A)(ii) (1993). *See also, Bogosian,* 738 F.2d at 594–95.

■ This Court has studied the words and legislative history of this earlier version of subdivision (b)(4), and concludes that it would have been error to permit discovery beyond facts known and opinions held by the expert. The subdivision opened with the explanation that it provided the procedure for "discovery of facts known and opinions held by experts". Therefore, the scope of discovery on a motion could be no broader than the two forms of ordinary work product. The required showing for such a motion, that differed from that in the first sentence of subdivision (b)(3), was that the discovery must not be abusive. *See* Advisory Committee Notes, 1970 Amendment; Fed.R.Civ.P. 26(b)(1).

■ The Advisory Committee notes explained:

These new provisions of subdivision of (b)(4) repudiate the few decisions that have held an expert's information privileged simply because of his status as an expert, (citations omitted). They also reject as ill-considered the decisions which have sought to bring expert information within the work-product doctrine. *See United States v. McKay,* 372 F.2d 174, 176–77 (5th Cir. 1967). The provisions adopt a form of the more recently developed doctrine of "unfairness". *See, e.g., United States v. 23.76*

---

1. The case involved a witness who was both an expert witness and an ordinary witness, depending upon the date of the information sought. The Court noted that the trial judge *might* have to review documents *in camera* to protect against disclosure of attorney work product. It is not clear if performing that process in that case depended on the capacity of the witness or the capacity of the moving party to meet the requisite standard for showing the need for the ordinary work product sought. This Court suspects the latter was intended.

2. Therefore, where the second sentence of subdivision (b)(3) states "such materials when the required showing is made," the words refer to disclosing ordinary work product under the required showing of either the first sentence of (b)(3) or the requisite differing requirement under subdivision (b)(4), whichever applies.

3. (4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(A)(i) a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.
. . . .

*Acres of Land,* 32 F.R.D. 593, 597 (D.Md. 1963)....

Contrary to the interpretations of some courts, the line of reasoning noted by the Advisory Committee did not indicate that discovery under subdivision (b)(4) was to include the discovery of mental impressions and opinions of counsel. *See, e.g., Intermedics, Inc.,* 139 F.R.D. at 388–89. The favorably cited Fifth Circuit decision in *McKay* granted discovery because the government sought "solely the work product of the expert witnesses". 372 F.2d at 177. The "unfairness" doctrine cited by the note, as applied by the authorities in the note, also did not involve the discovery of the mental impressions or thought processes of the attorney. *See 23.76 Acres of Land,* 32 F.R.D. at 593–97 (allowing discovery of "what the other party intends to prove, what opinions his opponent's experts hold, the method by which those opinions were formulated, and the facts upon which they are based."). The "unfairness" doctrine regarded discovery of *factual* information and the opinions of the witness. *See also,* Jeremiah M. Long, *Discovery and Experts Under The Federal Rules of Civil Procedure,* 38 F.R.D. 111, 132 (1964) (approvingly cited by advisory notes and explaining "unfairness" doctrine).

■■■ Accordingly, I can find nothing in any version of subdivisions (b)(3) and (b)(4), or the committee notes, that suggests core attorney work product was discoverable under subdivision (b)(4). Because there was no standard for core work product in subdivision (b)(4) that was different from the one in subdivision (b)(3), this Court concludes that the protection accorded an attorney's mental impressions and opinions by the Supreme Court in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and substantially codified in 1970 in Rule 26(b)(3), was intended to apply to discovery from experts. A number of courts are in substantial agreement. *See, e.g., Bogosian,* 738 F.2d at 594–95; *Dominguez v. Syntex Laboratories, Inc.,* 149 F.R.D. 158 (S.D.Ind.1993); *Hamel v. General Motors Corp.,* 128 F.R.D. 281, 282–83 (D.Kan.1989); *North Carolina Elec.*

*Membership Corp. v. Carolina Power & Light Co.,* 108 F.R.D. 283 (M.D.N.C.1985).

**B. Rule 26(a)**

■■ The magistrate judge drew support for his reading of Rule 26(b) from the new Rule 26(a)(2). Much of Rule 26(a)(2) supplants the functions served by the original version of expert witness discovery procedure in Rule 26(b)(4)(A). The primary distinction between the new and old versions of the procedure is that the new version requires, unless otherwise stipulated,[4] a party to disclose expert witness information without waiting for a discovery request. Fed. R.Civ.P. 26(a)(1), (2). In a written report prepared by the testifying expert, the parties must disclose, among other things, the witness's opinions, reasoning, and "data or other information considered by the witness in forming the opinions." Fed.R.Civ.P. 26(a)(2)(B).

"A major purpose of the revision is to accelerate the exchange of information about the case and to eliminate the paper work involved in requesting such information." Advisory Committee On Rules, 1993 Amendment. Because the purpose of the amendment was to accelerate and simplify discovery, this Court believes that the magistrate judge mis-understood a statement in the Advisory Committee Notes. The notes state that:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

The magistrate judge interpreted this language to mean that core attorney work product was no longer an exception to discovery from an expert witness.

---

**4.** See Fed.R.Civ.P. 26(a)(1). This District does not mandate the new discovery procedure; and

the parties did not stipulate to the application of this procedure in their pre-trial discovery order.

This Court reads the words as meaning only that all factual information considered by the expert must be disclosed in the report.[5] *See All West Pet Supply v. Hill's Pet Prod.,* 152 F.R.D. 634, 639 n. 9 (D.Kan.1993). The whole of the Committee Notes make clear that attorneys should no longer be able to make work-product privilege arguments regarding materials containing facts or assemblages of facts because they are obligated to disclose all factual information on their own in a report rather than on motion of opposing counsel. Any failure to so disclose requires that the information may not be used at trial. *See* Fed.R.Civ.P. 37(c). The new procedure simply eliminates the need to have a judge order redaction of core work product from material that contains discoverable facts and data. *See, e.g., Dominguez,* 149 F.R.D. at 165 (ordering redaction); *Rail Intermodal Specialists v. General Elec.,* 154 F.R.D. 218 (N.D.Iowa 1994) (reviewing documents *in camera* before denying discovery, in part, because the factual information was available through other sources).

For the high privilege accorded attorney opinion work product not to apply would require clear and unambiguous language in a statute. *See Hickman,* 329 U.S. at 514, 67 S.Ct. at 395. No such language appears here.

### C. The Standard

The Supreme Court in *Hickman* explained that it would be "a rare situation" which would justify disclosure of attorney opinion work product. 329 U.S. at 513, 67 S.Ct. at 395. "[N]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." *Id.* at 510, 67 S.Ct. at 393. The Sixth Circuit holds such opinion work product absolutely privileged. *Toledo Edison,* 847 F.2d at 340.

As this Court interprets Rule 26, no special standard for disclosure applies to core work product in the possession of an expert. This is in keeping with a number of courts. *See, e.g., Bogosian,* 738 F.2d at 594–95; *All West Pet Supply,* 152 F.R.D. at 638–39; *Dominguez,* 149 F.R.D. at 165; *Hamel,* 128 F.R.D. at 282–83; *North Carolina Elec. Membership Corp.,* 108 F.R.D. at 283. Furthermore, the same high *Hickman* standard of need applies to Dr. Springer's recollection of counsel's thoughts at the deposition, even though Rule 26(b)(3) is limited to discovery of "documents and tangible things." *See Bercow v. Kidder,* 39 F.R.D. 357, 358–59 (1965). 4 James W. Moore, et al., *Moore's Federal Practice* Para. 26.15[1] at 26–291—26–294 (1994).

The magistrate judge accepted defendant's erroneous arguments that it was entitled to discovery of opposing counsel's mental impressions and opinions under Rule 26. The decision was in error, although not without substantial authority. *See, e.g., Intermedics, Inc.,* 139 F.R.D. at 397; *In re Air Crash Disaster At Stapleton International Airport, Denver, Colorado, On November 15, 1987,* 720 F.Supp. 1442 (D.Colo.1988); *Boring v. Keller,* 97 F.R.D. 404, 406–08 (D.Colo. 1983). These contrary authorities based their decisions primarily upon the policy that the fact finder ought to know whether counsel's influence infected the expert's opinion. In this court's judgment, a more effective cross-examination and impeachment of the opposing party's expert witness in a patent case is not the type of circumstance the Supreme Court contemplated would overcome the strong policy against disclosing an attorney's opinion work product. The risk of an attorney influencing an expert witness does not go unchecked in the adversarial system, for the reasonableness of an expert opinion can be judged against the knowledge

---

**5.** The Court can conceive that parties may contend that because the rule requires disclosure of all factual information provided the witness, a conundrum will develop where the attorney selected the facts. *See Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985) (attorney selection of facts reveals opinion work product).

Such selection by an attorney, however, may only be considered protected opinion work product where the attorney has "no justifiable expectation that the mental impressions revealed by the materials will remain private." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1015–16 (1st Cir.1988).

of the expert's field and is always subject to the scrutiny of other experts.[6]

## II. Application and Resolution

The magistrate judge incorrectly interpreted Rule 26 and the privilege accorded attorney work product. Therefore, I must reverse his opinion and order compelling disclosure of all communications between counsel and the expert witness, whether or not the communications contained attorney opinion work product. However, it is apparent to this Court that the reversal can only be in part.

First, plaintiff Haworth argues in its briefs that it needed only to disclose information that Dr. Springer relied upon in arriving at his conclusions. Dr. Springer's affidavit states that he has disclosed all the materials which he "considered and relied upon". Rule 26(a)(2) specifically requires disclosure of factual information considered *but not* relied upon, as well as the information that was considered *and* relied upon. Fed.R.Civ.P. 26(a)(2).

■ Second, some questions regarding discussions between the expert and counsel about the expert's report are discoverable. Whether a question is improper depends upon the question. If the question regards mechanical advice on the preparation of the expert report, the question is not objectionable. *See* Advisory Committee Notes, 1993 Amendment. If the question tests whether certain facts had not been provided the expert for his consideration, the question would be proper as well. Opposing counsel may

test whether the witness's report accurately reflects all the facts actually considered.[7] Opinion work product protection is not triggered unless "disclosure creates a real, nonspeculative danger of revealing the lawyer's mental impressions" and the attorney had "a justifiable expectation that the mental impressions revealed by the materials will remain private." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1015–16 (1st Cir.1988) (distinguishing *Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985)); *Mead Corp. v. Riverwood Natural Resources Corp.,* 145 F.R.D. 512, 520–21 (D.Minn.1992).

Therefore, this Court will remand for further proceedings consistent with this Court's opinion herein.

## III. Sanctions

■ Plaintiff Haworth argues that the magistrate judge erred in ordering sanctions for its failure to disclose. The sanction required that plaintiff Haworth either produce Dr. Springer for deposition at defendant's place of business, or bear the attorney's fees for continuing the deposition at some other place. Because the magistrate judge did not issue an order at the deposition, the relevant order at issue is the obligation imposed by Federal Rule of Civil Procedure 26(a)(2). Where a party fails to disclose pursuant to Federal Rule of Civil Procedure 26(a), sanctions may be imposed along with the granting of a motion to compel under Federal

---

**6.** This Court does not believe that this opinion is in conflict with its decision in *Parry v. Highlight Industries, Inc.,* 125 F.R.D. 449 (W.D.Mich. 1989). In *Parry,* this Court conducted an *in camera* review of documents containing core opinion work product because the materials had been submitted to a testifying fact witness to refresh his recollection. *Id.* at 452. That case involved a conflict between Federal Rule of Evidence 612, which requires disclosure of materials used to refresh recollection, and the work product privilege as codified in Rule 26(b)(3). This Court has resolved that Rules 26(a)(2) and (b)(4) are not in conflict with the privilege accorded core attorney work product in Rule 26(b)(3). Nor does Rule 612 itself apply to this case, for there has been no claim or showing that any core work product materials were disclosed

to Dr. Springer to refresh his recollection at or before the deposition.

Moreover, core work product is redacted in cases involving Rule 612. *See Bogosian,* 738 F.2d at 595 n. 3. The "interests of justice" balancing test for disclosure under Rule 612 is the equivalent of the work product doctrine; while the "substantial need" requirement of Rule 26 accounts for the need for disclosure under Rule 612. *In re Joint Eastern & Southern Dist. Asbestos Lit.,* 119 F.R.D. 4, 5 (E.D. & S.D.N.Y. 1988). Opinion work product must be accorded more protection than the "substantial need" test provides. *Upjohn Co. v. United States,* 449 U.S. 383, 400–01, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981).

**7.** Obviously, this list is non-exclusive.

Rule of Civil Procedure 37(a)(4)(A). Such a sanction is reviewed under the abuse of discretion standard. *See* Fed.R.Civ.P. 37(a)(4)(A); *Diaz,* 427 F.2d at 1127. *Cf. Ellison,* 151 F.R.D. at 9 (as applied to Rule 26).

■■■ It is an abuse of discretion to impose a sanction where "the opposing party's nondisclosure, response, or objection was substantially justified". Fed.R.Civ.P. 37(a)(4)(A); *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647, 649 (9th Cir.1982). An objection is "substantially justified" if jurists of reason could differ as to whether the party was bound to disclose under a discovery rule. *See* 1970 Advisory Committee Notes; *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The issue in this case was whether all attorney work product, even core work product, provided an expert witness for his consideration in forming an opinion must be disclosed under Federal Rule of Civil Procedure 26. This is not a settled area of the law. It was an abuse of discretion to sanction plaintiff Haworth for opposing disclosure. *See Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550.

## CONCLUSION

The magistrate judge's interpretation of Rule 26 and the work product privilege were contrary to law. Under the circumstances, sanctions were not appropriate. But because plaintiff Haworth may not have fully complied with discovery under Rule 26(a)(2), the discovery issue must be remanded for further proceedings. Accordingly, his decision will be reversed in part and remanded for further proceedings consistent with this opinion.

## *ORDER*

In accordance with the opinion entered on this date,

**IT IS HEREBY ORDERED** plaintiff Haworth's appeal of Magistrate Judge Rowland's orders compelling discovery and issuing sanctions, filed on May 9, 1995 (dkt. # 792), is **GRANTED in part and DENIED in part.**

The appeal is **granted** with regard to discovery of attorney mental impressions, thoughts, opinions, and legal conclusions, as well as with regard to sanctions imposed for objecting to disclosure.

The appeal is **denied** with regard to discovery of any factual information considered but not relied upon by Dr. Springer.

**IT IS FURTHER ORDERED** that Magistrate Judge Rowland's May 3, 1995 opinion and order compelling disclosure and issuing sanctions (dkt. # 754) is **REVERSED in part and AFFIRMED in part.**

The order is **reversed** with regard to discovery of attorney mental impressions, thoughts, opinions, and legal conclusions, as well as with regard to sanctions imposed.

The order is **affirmed** with regard to discovery of factual information considered but not relied upon by Dr. Springer.

**IT IS FURTHER ORDERED** that the matter is **REMANDED** for further proceedings under Magistrate Judge Rowland's direction consistent with this opinion.