Paul K. SMITH, Plaintiff,

v.

TRANSDUCER TECHNOLOGY, INC., Endevco Corporation and Meggitt–USA, Inc., Defendants.

No. Civ. 1995/28.

District Court, Virgin Islands, D. St. Croix.

July 19, 2000.

---

Lee J. Rohn, Christiansted, VI.

George H. Logan, Christiansted, VI.

## ORDER ON PLAINTIFF'S MOTION TO ALLOW WRITTEN DISCOVERY OUTSIDE THE DEADLINE AND TO SHORTEN RESPONSE TIME

RESNICK, United States Magistrate Judge.

THIS MATTER came for consideration on Plaintiff's Motion to Allow Written Discovery Outside the Deadline And to Shorten the Time for response to ten days. Defendants filed a response in opposition to the motion. Plaintiff filed a response to such opposition.

Plaintiff's motion requests that he be permitted to seek production of documents relevant to Defendants' expert witnesses. (via Demand for Production of Documents to Defendants pursuant to Fed.R.Civ.P. 34). In their opposition, Defendants object to extending such time and to the scope of Plaintiff's requests.

The Court has previously ruled on the methods by which Plaintiff may obtain discovery concerning Defendants' expert witnesses.[1] As noted in the July 3 Order:

Fed.R.Civ.P. 26(a)(2)(B) provides for required disclosure of expert witness reports and what must be contained therein. Rule 26(b)(4)(A) provides for taking depositions of an opponent's expert witness and that the deposition shall not be conducted until the expert's report is provided. LRCi 26.3(a) provides that the opposing party is entitled to the expert's report at least thirty (30) days before the expert deposition.

If a party wishes to depose an opponent's expert and considers the expert's report to be deficient, the party may file a motion to compel as provided in Fed. R.Civ.P. 37(a)(2):

If a party fails to make a disclosure by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions.

It is not clear that a request for documents pursuant to Rule 34 is appropriate for such purpose.

While both Rules 34 and 45 have been amended ... it is evident to this court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves ... Indeed Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that '[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45' Fed. R.Civ.P. 34(c).

*Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 100 (D.Mass.1996); See also: *Badman v. Stark,* 139 F.R.D. 601, 603 (M.D.Pa.1991); *McAleese v. Owens,* 1991 WL 329930 *3 (W.D.Pa.).

In *Alper v. U.S.,* 190 F.R.D. 281, 283 (D.Mass.2000)[2] the court equated documents in possession of Defendant's expert witness as within the Defendant's control, but such view has not otherwise been adopted.[3]

Upon consideration of all relevant pleadings to date, the court will consider Plaintiff's motion as pursuant to Rule 37(a)(2)[4] and will allow Plaintiff further discovery with regard to any documents producable pursuant to Fed.R.Civ.P. 26(a)(2)(B) that Defendants have not previously provided to Plaintiff.

Rule 26(a)(2)(B) states that the expert report shall contain:

... [a] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the

**1.** See Orders dated May 19, 2000 and July 3, 2000.

**2.** As discussed in the Order dated 7/3/00.

**3.** Typically, determination of "possession custody or control of the party" as provided in Rule 34(a) requires an exacting analysis. See *e.g. Poole v.*

*Textron, Inc.,* 192 F.R.D. 494, 2000 WL 340101 *4 (Md.); *Bank of New York et al. v. Meridien BIAO Bank Tanzania Ltd. et al.,* 171 F.R.D. 135, 146–47 (S.D.N.Y.1997).

**4.** See *Orthopedic Bone Screw Products Liability Litigation,* 1996 WL 900345 *1 (E.D.Pa.).

opinions; any exhibits to used as summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

In this regard, some cases have included within this ambit all communications provided by a party's attorney to the expert witness. *See e.g. Oneida, Ltd. v. the United States*, 43 Fed.Cl. 611, 618 (1999) (recognizing a split among Federal Courts as to discoverability of "opinion" work product often known as "core work product"); *Lamonds v. General Motors Corp.*, 180 F.R.D. 302, 305–06 (W.D.Va.1998); *Barna v. U.S.*, 1997 WL 417847 *1–2 (N.D.Ill.); *Karn v. Ingersoll–Rand Co., et al.*, 168 F.R.D. 633, 637–38 (N.D.Ind.1996) (emphasizing the changes wrought by the 1993 amendment to Rule 26); *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61, 62 (D.N.Mex.1996).

Contrawise, in *Bogosian v. Gulf Oil Corp., et al.*, 738 F.2d 587, 594–96 (3d Cir.1984) the court restricted such disclosure to facts provided and not protected work product of the attorneys. That case was decided prior to the 1993 amendments (in which regard, see Wright, Miller and Marcus, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2016.2 at n. 41 and § 2031.1 at n. 10), however such view still has adherents post 1993. *Kennedy v. Baptist Memorial Hospital–Booneville, Inc.*, 179 F.R.D. 520, 522 (N.D.Miss.1998); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 294 (W.D.Mich.1995); *All West Pet Supply Co. v. Hill's Pet Products Division et al.*, 152 F.R.D. 634, 638–39 (D.Kan. 1993); see also: EMERGING EXPERT ISSUES UNDER THE 1993 DISCLOSURE AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE by Gregory P. Joseph, Esquire, 164 F.R.D. 97, 104–06. In *Corrigan v. Methodist Hospital*, 158 F.R.D. 54, 58 (E.D.Pa.1994), the court

allowed production of all documents provided to the expert witnesses without discussion of work product or *Bogosian, supra*, but noted that "barring other relevant objections, Davne must comply."

Accordingly, where documents considered by Defendants' experts contain both facts and legal theories of the attorney, Plaintiff is entitled only to discovery of the facts "... where such combinations exist it will be necessary to redact the document so that full disclosure is made of facts presented to the expert and considered in formulating his or her opinion, while protection is accorded the legal theories and the attorney-expert dialectic ..." *Bogosian*, 738 F.2d at 595.[5]

For reasons above stated, it is hereby;

**ORDERED** as follows:

1. Within ten (10) days of the date of this Order, Defendants shall provide Plaintiff with all documents producable under Fed.R.Civ.P. 26(a)(2)(B);

2. Defendants may redact documents provided by counsel to the expert witnesses as provided above. In any such instance a copy of the redacted and complete document shall be provided to the Court for *in camera* review;

3. To the extent Defendants maintain that they have previously produced relevant documents, they may make **particular** reference to such prior production.

---

5. This is consistent with a prior Order of this Court in *Encarnacion v. Kmart Corporation*, STX,

Civ.1997/63 (Order dated May 17, 1999).