In re William B. MCRAE, Debtor.

John E. Venn, Jr., Plaintiff,

v.

William B. McRae, Defendant.

Bankruptcy No. 01–20930–PCY5.
Adversary No. 02–90018–PCY5.

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

July 23, 2003.

John E. Venn, Jr., Trustee, Pensacola, FL, for Plaintiff.

Ronald A. Mowrey, Tallahassee, FL, for Defendant.

### ORDER OVERRULING DEFENDANT'S OBJECTION TO PLAINTIFF'S SUBPOENA

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came for hearing on Defendant's Objections to Plaintiff's Subpoena to Richard E. Blankenship to Produce Documents and Memorandum in Opposition. A telephonic hearing was held on July 14, 2003. This is an adversary proceeding. For the reasons discussed below, the Defendant's Objections to Plaintiff's Subpoena to Richard E. Blankenship to Produce Documents and Memorandum in Opposition are OVERRULED.

### FACTS

On June 4, 2002, the Plaintiff served its Subpoena for Production of Documents on the Defendant's expert witness, Richard E. Blankenship. The Defendant complied in part with the Plaintiff's Subpoena. However, the Defendant objected in part on the grounds that the subpoena seeks inter-office memoranda between attorneys which constitute work product and are therefore privileged. The Plaintiff asserts that Fed.R.Civ.P. 26(a)(2)(B) encompasses disclosure of the Defendant's inter-office memoranda because Rule 26 requires that the expert witness disclose "all data or other information considered by the witness." Based on this view, the Plaintiff produced similar inter-office memoranda to the Defendant upon the Defendant's Subpoena on the Plaintiff's expert witness.

### DISCUSSION

The Plaintiff asserts that Fed.R.Civ.P. 26(a)(2)(B) requires that the expert witness disclose all data or other information considered by the witness whether or not the expert relied upon them. The Plaintiff asserts that this includes correspondence and materials from attorneys to the experts which would have been protected by the work product doctrine prior to the 1993 Amendments. *TV–3 Inc. v. Royal Ins. Co. of Am.*, 193 F.R.D. 490 (S.D.Miss. 2000) and *Weil v. Long Island Sav. Bank FSB*, 206 F.R.D. 38 (E.D.N.Y.2001). In *TV–3*, the Defendant sought protection from the Plaintiff's subpoena upon the Defendant's expert witness to produce correspondence between the Defendant's attorney and expert witness. The Defendant alleged that the correspondence was work product and therefore privileged. The court held that Rule 26 allows discovery of all communications between attorney and expert even if otherwise protected by the work product privilege prior to the 1993 Amendment. *TV–3*, at 491. The court noted that such disclosure is "most consistent with an effort to keep expert opinion testimony fair, reliable and within the bounds of reason." *TV–3*, at 492. Upon

similar facts, the *Weil* court also held that the Rule required disclosure of all communications to the expert from the attorney, despite any work product privilege. *Weil,* at 43. The court further stated that full disclosure is essential because it will reveal the extent of influence, if any, that the attorney had over the expert's testimony. *Weil,* at 41.

■ The Defendant asserts that the facts at issue are distinguishable from *TV-3* and *Weil* because the facts of the present case involve the request for production of inter-office memoranda from one attorney to another attorney unlike *TV-3* and *Weil* which involved communications from attorney to expert witness. The Defendant argues that although the inter-office memoranda were furnished to the Defendant's expert for his review, the memoranda were not communications from the Defendant's attorney to the Defendant's expert witness as was the case in both *TV-3* and *Weil.* I am not persuaded by this distinction because the plain language of the Advisory Committee Notes to the 1993 Amendment make no such distinction as to whom correspondence furnished to experts was previously directed towards. Rather, the Notes expressly state that the expert is to "disclose the data and other information considered by the expert". Fed.R.Civ.P. 26(a)(2)(B) Advisory Comm. Notes. Upon being furnished to the expert witness, the Defendant's inter-office memoranda became "data and other information to be considered by the expert", which must be disclosed.

Additionally, the Defendant asserts that Rule 26 requires production of the documents considered by the opposing party's experts only to the extent that the documents contain facts and not the attorneys' legal theories. *Smith v. Transducer Tech., Inc.,* 197 F.R.D. 260 (D.V.I.2000) and *Haworth v. Herman Miller, Inc.,* 162 F.R.D.

289 (W.D.Mich.1995). In *Transducer* and in *Haworth,* the Plaintiff moved for production of all the documents furnished by the Defendant's attorney to the Defendant's expert witness. In interpreting Rule 26, the *Transducer* and *Haworth* courts afforded the Defendant work product protection to the extent that the documents contained the attorney's legal theories. *Transducer,* at 262. *Haworth* at 295.

■ However, I am not persuaded by either *Transducer* or *Haworth* because the plain language of Rule 26(a)(2)(B) and its accompanying Notes make no reference to differences in treatment regarding facts and legal theories. The Advisory Committee Notes states that "given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure." Fed. R.Civ.P. 26(a)(2)(B) Advisory Comm. Notes. The 1993 Amendments "make clear that documents and information disclosed to a testifying expert...are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report, including core attorney work product." *Weil* citing *In re Pioneer Hi–Bred Int'l Inc.,* 238 F.3d 1370, (Fed.Cir.2001) citing *TV-3.* Similarly, research has shown that this is the majority viewpoint. As a result, I find that given the plain language of Rule 26(a)(2) and its accompanying Advisory Committee Notes and prevailing case law, all communication furnished by attorneys to expert witnesses for consideration is discoverable regardless of whether a claim of attorney work product would ordinarily protect the communications from disclosure.

## CONCLUSION

Once materials are furnished to the experts to be considered in forming their opinions, regardless of whether or not ultimately relied upon by the expert, privilege or protection from disclosure is waived because the plain meaning of Rule 26(a)(2)(B) trumps protections afforded by the attorney-client privilege and the work product doctrine. It is fair to require full disclosure of all communications to expert witnesses by attorneys because once communication has been furnished to the expert to be considered in forming their opinion, whether or not the expert relies on the documents, the communication will potentially color the expert's opinion. The disclosure of such materials enables the opposing party to test the expert's opinion through more effective cross-examination. Accordingly, the Defendant's Objection to the Plaintiff's Subpoena for Production of Documents on the Defendant's expert witness is overruled.

This Court having reviewed the Objection and being otherwise advised in the premises, it is hereby ORDERED and ADJUDGED:

(A) Defendant's Objection is OVER-RULED.

(B) Defendant is ORDERED to produce all communications by and between attorneys and expert witness in this matter to include inter-office memoranda identified in the subpoena.