### Cherry KENNEDY and Charles Kennedy, etc., Plaintiffs,

v.

### BAPTIST MEMORIAL HOSPITAL–BOONEVILLE, INC., et al., Defendants.

### No. 1:96CV339–S–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

April 23, 1998.

Shane F. Langston, John Graham Holaday, Langston Frazer Sweet & Freese, Jackson, MS, for Plaintiffs.

John G. Wheeler, Mitchell, Mcnutt, Threadgill, Smith & Sams, Tupelo, MS, for Hospital.

John G. Wheeler, Mitchell, McNutt, Threadgill, Smith & Sams, Robert K. Upchurch, Holland, Ray & Upchurch, Tupelo, MS, for D.J. Williams, M.D.

Tommie Gregory Williams, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, for Greg Stallworth, M.D.

*ORDER AFFIRMING IN PART AND REVERSING IN PART RULING BY MAGISTRATE JUDGE*

SENTER, Chief Judge.

Pursuant to an opinion issued contemporaneously herewith, it is ORDERED:

That the January 23, 1998, order of the magistrate judge denying plaintiffs' motion to compel are well taken in part is hereby affirmed in part and reversed in part;

That any communications between Honorable Robert Upchurch or other members of his firm and staff and Dr. Frank W. Ling occurring before October 13, 1997, are hereby protected by the attorney work product privilege and are not discoverable by plaintiffs;

That any communications between Mr. Upchuch or other members of his firm and staff and Dr. Ling occurring between the October

13, 1997, report and the October 14, 1997, report are discoverable, and copies of those communications shall be faxed to plaintiffs' counsel at his regular place of business no later than 1:00 p.m., Wednesday, April 29, 1998, with copies hand-delivered to plaintiffs' counsel on Thursday, April 30, 1998, at the 8:30 a.m. final pretrial conference before Magistrate Judge Jerry A. Davis.

## OPINION

This cause presents the court with an intriguing question regarding the interplay of two discovery rules relating to an expert witness and his report and the competing interests underlying each rule. Presently before the court is plaintiffs' objection to the January 23, 1998, order of the magistrate judge denying plaintiffs' motion to compel.

The pertinent facts are as follows: By letter dated October 13, 1997, Dr. Frank W. Ling, an expert retained by defendant Dr. D.J. Williams, advised Williams' counsel, Honorable Robert Upchurch, of his opinion regarding the alleged negligence of Dr. Williams in the treatment and care of plaintiffs' decedent. Of particular relevance to Ling's opinion are the following statements: (1) "As an obstetrician/gynecologist, I do not feel qualified to make a specific statement as to cause of death," and (2) "It appears that Dr. Williams was a victim of miscommunication from Dr. Stallworth. Dr. Stallworth appears to have misrepresented the severity of the injuries suffered by the patient." That report was forwarded to the court and counsel for plaintiffs, Honorable Shane Langston.

The next day, Dr. Ling forwarded a second letter to Mr. Upchurch. This version of Ling's opinion reflects some editorial changes and several substantive changes of opinion and deletions from the October 13 letter. Of critical importance, Dr. Ling opined that "the information contained in the autopsy reports does not support blood loss as a probable cause of Ms. Kennedy's death. There are other probable causes ... including closed head trauma or amniotic fluid embolism" and made no mention of Dr. Stallworth whatsoever. This letter was likewise forwarded to the court and Mr. Langston.

With both reports in hand, Mr. Langston requested that Mr. Upchurch provide him with "the data and other information considered by the witness in forming the opinions," Fed.R.Civ.P. 26(a)(2)(B), so as to explain the changes in Ling's opinion. Upchurch refused, and plaintiffs moved to compel the production of this information. After conducting an *in camera* review of the requested documents, the magistrate judge concluded:

> The documents in question are communications between counsel and his retained expert over what is required in a Rule 26 expert report. Contrary to plaintiffs' beliefs, the records do not contain factual matters for the expert to consider; they contain the areas to be covered by the report and then proposed changes to [the] report which appear to the court to be editorial in nature. In any event, the plaintiff[s] [have] copies of both the original report and subsequent report of Dr. Ling and may cross-examine him about the differences. No further production is warranted as the court finds the documents protected by the work-product privilege.

The instant Rule 72 objection followed.

Having carefully considered the matter, the court is of the opinion that the magistrate judge's ruling is, in part, clearly erroneous and contrary to law. Without so stating, the magistrate judge chose to follow the line of cases which holds that "the data or other information" which must be divulged by the expert under 26(a)(2)(B) includes only factual materials, not core attorney work product considered by the expert which remains protected under Fed.R.Civ.P. 26(b)(3). *See Magee v. Paul Revere Life Insurance Co.*, 172 F.R.D. 627 (E.D.N.Y.1997); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289 (W.D.Mich.1995); *All West Pet Supply Co. v. Hill's Pet Products Division*, 152 F.R.D. 634 (D.Kan.1993).

Plaintiffs advance the opposite position. *See Musselman v. Phillips*, 176 F.R.D. 194 (D.Md.1997) (when attorney communicates otherwise protected work product—whether factual in nature or containing attorney's opinions or impressions—that information is discoverable if considered by expert retained

to render opinion at trial); *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.*, 171 F.R.D. 57 (S.D.N.Y.1997) (all materials, not just factual information, furnished to expert must be disclosed in expert report); *Karn v. Rand*, 168 F.R.D. 633 (N.D.Ind.1996)(when attorney furnishes work product—either factual or containing attorney's impressions—to expert retained to provide opinion testimony at trial, opposing party is entitled to discover that communication if considered by expert in developing opinion).

■■■ In this instance, the court chooses to take a more moderate position than either of these. While as a general rule, the court has no hesitation in finding that communications between an attorney and his retained expert are not discoverable—an attorney should be able to communicate freely with his retained expert without fear that his "mental impressions, conclusions, opinions, or legal theories," Fed.R.Civ.P. 26(b)(3), will be disclosed—the factual setting of this case causes it to fall outside that general rule. Here, counsel for Williams opened the door to additional discovery of "the data and other information considered by [Dr. Ling] in forming [his] opinions," Fed.R.Civ.P. 26(a)(2)(B), including any communications or documents normally protected by the work product privilege, when he inadvertently sent out the October 13 letter and followed it shortly thereafter with a revised version of that letter which, in this court's view, incorporated more than editorial changes. Obviously, some additional information was presented to Dr. Ling in the twenty-four-hour period between the two letters which, among other things, caused him to change his opinion regarding his expertise to opine on the cause of death and the alleged culpability of Dr. Stallworth, and as Dr. Ling could not otherwise explain those changes (indeed, he denied that his opinion had changed in any manner), plaintiffs are entitled "to ascertain whether the opinion which is to be offered at trial is that of the expert, as opposed to the attorney." *Musselman v. Phillips*, 176 F.R.D. 194, 201 (D.Md.1997). Otherwise, under the facts of this case, plaintiffs will not be able to cross-examine Dr. Ling effectively or to impeach his credibility. Therefore, while

the court finds that communications between Upchurch or members of his firm and staff and Ling occurring before October 13, 1997, are protected by the attorney work product privilege, it is of the opinion that any communications between those persons occurring between the issuance of the two letters is discoverable.

In reaching this decision, the court wants to make clear that this holding is peculiar to the facts at hand and cannot in any way be taken as an open invitation to others to begin requesting production of documents and communications which they know to be protected by the attorney work product privilege. Only when an event occurs which puts the opponent on notice that counsel may have "interjected him or herself into the process by which a testifying expert forms the opinions to be testified to at trial," *Musselman*, 176 F.R.D. at 200, will this holding be of any precedential value in this court.

An appropriate order shall issue.