**TV–3, INC., Plaintiff,**

v.

**ROYAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

No. Civ.A.3:98CV703BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 30, 2000.

## ORDER

NICOLS, United States Magistrate Judge.

This cause is before the Court upon the Joint Motion for Protective Order filed by Defendant LDL Communications, Inc. a/k/a/ Leblanc Broadcast, Inc. ("LDL"), and Leblanc & Royle Telcom, Inc., a/k/a Leblanc Limited ("Leblanc"). These Defendants request the Court to issue a protective order relieving LDL and Leblanc and their expert witnesses from the obligation to respond to certain subpoenas duces tecum directed to their expert witnesses, to the extent that such a response would require them to produce copies of or disclose the contents of work product correspondence between coun-

sel for LDL or Leblanc and their experts, or any of them. The Plaintiffs have filed a response objecting to the relief requested.

█ This is the first time this particular issue has been brought before the undersigned since the Federal Rules of Civil Procedure were amended in 1993 regarding the requirements of expert disclosures. At issue is whether Rule 26(a)(2) requires that a party produce communications of any kind by and between its attorneys and its testifying experts, regardless of whether a claim of attorney work product would ordinarily protect the communications from disclosure. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure was amended in 1993 to require that reports be prepared for each testifying expert containing, among other things, "the data or other information *considered* by the witness in forming the opinions." (Emphasis added.) The Advisory Committee Notes to the 1993 Amendment, explain this requirement as follows:

The [expert] report is to disclose the data and other information considered by the expert and any other exhibits or charts that summarize or support the expert's opinions. **Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.**

Advisory Committee Notes FED.R.CIV.P. 26(A)(2), P. 149 (emphasis added).

The task before the Court requires balancing the duty of full disclosure regarding experts with the historical protections of the attorney work product doctrine. Counsel's correspondence and other communications to the experts are protected by the work product doctrine unless disclosure is commanded by Rule 26.

The undersigned has carefully considered the arguments of both sides on this issue and has reviewed all of the authorities cited by both sides. It is the opinion of the undersigned that the Plaintiff's "bright line" interpretation of Rule 26(a)(2)(A) would most ef-

fectively promote the interests of justice and would fulfill the obvious intent of the Advisory Committee regarding the rule. The "expert" for litigation purposes in a plethora of complex fields has become a profession in itself, and such experts can now be located and hired to testify about whatever theory the attorneys hiring them desire. If the attorney hiring the expert sets forth the desired theory of the case on the front end, then the opposing side should have the right to be made aware of the fact that the expert's viewpoint was initially couched by the attorney's desired theory.

The undersigned recognizes that the authorities differ as to this issue, and that the only Mississippi case on point, *Kennedy v. Baptist Memorial Hospital–Booneville, Inc.,* 179 F.R.D. 520 (N.D.Miss.1998), reaches a different conclusion. We read the *Kennedy* case as holding that no core attorney work product must ordinarily be divulged by an expert under 26(a)(2)(B) unless special factual circumstances exist, such as those before that court. The *Kennedy* court clearly held that communications between an attorney and his retained expert are not discoverable under the general rule. The authorities cited as supporting this holding are *Magee v. Paul Revere Life Insurance Co.,* 172 F.R.D. 627 (E.D.N.Y.1997); *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289 (W.D.Mich.1995); *All West Pet Supply Co. v. Hill's Pet Products Division,* 152 F.R.D. 634 (D.Kan.1993). The Defendants cite these cases, as well as *Nexxus Prods. Co. v. CVS New York, Inc.,* 188 F.R.D. 7, 9 (D.Mass.1999), and cases which predate the 1993 amendments, in support of their position.

We reject the *Kennedy* holding and instead adopt the opposite approach urged by the Plaintiff, that is that Rule 26, requiring disclosure of material "considered," allows discovery of all communications between counsel and a retained testifying expert, **even if those communications contain the attorneys' mental impressions or trial strategy or is otherwise protected by the work product privilege.** Authorities supporting this position are cited in *Kennedy* and on page 3 of Plaintiff's Memorandum and include *Karn v. Rand,* 168 F.R.D. 633, 635

(N.D.Ind.1996) (the expert disclosure requirements of 26(a)(2) " 'trump' any assertion of work product or privilege"); *B.C.F. Oil Refining v. Consol. Edison Co. of N.Y.,* 171 F.R.D. 57 (S.D.N.Y.1997) (holding that all material considered by a testifying expert, including communications from counsel containing attorney work product, must be disclosed); *Lamonds v. General Motors, Corp.,* 180 F.R.D. 302 (W.D.Va.1998) (same); *Furniture World, Inc. v. D.A.V. Thrift Stores,* 168 F.R.D. 61 (D.N.M.1996) (same); *Culbertson v. Shelter Mut. Ins. Co.,* No. 97–1609, 1999 WL 109566 (E.D.La. March 2, 1999) (same); *Johnson v. Gmeinder,* 191 F.R.D. 638 (D.Kan.2000) (same); *Barna v. United States,* No. 95 C 6552, 1997 WL 417847 (N.D.Ill. July 28, 1997 (same); *Musselman v. Phillips,* 176 F.R.D. 194, 202 (D.Md.1997) ("[W]hen an attorney furnishes work product—either factual or containing the attorney's impressions—to [a testifying expert witness]; an opposing party is entitle to discovery of such a communication"); *Baxter Diagnostics, Inc. v. AVL Scientific Corp.,* No. CV91–4178–RG, 1993 WL 360674, (C.D.Cal., August 6, 1993) (citing the amendments to Rule 26(a)(2) as requiring "automatic disclosure of all information considered by the trial experts" in forming their opinions).

We do not imply that this is the case in the present litigation, but only the most naive of experienced lawyers or judges could fail to realize that in our present legal culture money plus the proper "marching orders" will get an "expert" witness who will undertake to prove almost anything. The courts and the Fifth Circuit Court of Appeals in particular have begun to wrestle with ways to put some bridle on this legal phenomenon. *See, e.g., Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). It is most consistent with this trend to say that when an attorney hires an expert both the expert's compensation and his "marching orders" can be discovered and the expert cross-examined thereon. If the lawyer's "marching orders" are reasonable and fair, the lawyer and his client have little to fear. If the orders are in the nature of telling the expert what he is being paid to conclude, appropriate discovery and cross-examination thereon should be the consequence. Such a ruling is most consistent with an effort to keep expert opinion testimony fair, reliable and within the bounds of reason.

We therefore find that all documents and other communications as described in the subject subpoenas considered by the experts in formulating the opinions the experts are expected to express at trial must be produced to the Plaintiffs. We further interpret the word "considered" as the Court in the *Baxter* case did, that it is intended to encompass: (a) all documents and oral communications relied upon by the experts in formulating their opinions; and (b) all documents and oral communications reviewed by the experts in connection with the formulation of their opinions, but ultimately rejected or not relied upon. *Baxter,* 1993 WL 360674 at *1. We anticipate that that definition will include correspondence and materials from attorneys to the experts which would have been protected by the work product doctrine prior to the 1993 Amendments.

The undersigned also finds that any material generated by the testifying expert in connection with the subject litigation is not protected and should be produced, so any communications by the expert to the attorneys is discoverable. Also, any documents or communications containing *facts* or factual information about the issues in the lawsuit are not protected by any privilege and must be produced. The undersigned rejects any contention that the Defendants have waived any privilege by failing to timely object or to produce a privilege log.

IT IS, THEREFORE, ORDERED that the Joint Motion for Protective Order filed by Defendants LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc., and Leblanc & Royle Telcom, Inc., a/k/a/ Leblanc Limited is **denied.**