**TV–3, INC., Plaintiff,**

v.

**ROYAL INSURANCE COMPANY OF AMERICA, Globe Indemnity Company, LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc. and Leblanc & Royle Telcom, Inc. a/k/a Leblanc Limited, Defendants.**

**No. Civ.A. 3:98CV703BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 28, 2000.

---

**586**

Lawrence E. Allison, Jr., Brunini, Grantham, Grower & Hewes, Jackson, MS, Sally C. Helppie, Tammy S. Wood, Bruce W. Akerly, Teresa Ruiz Schober, Bell, Nunnally & Martin, PLLC, Dallas, TX, for TV–3, Inc., plaintiff.

James R. Moore, Jr., W. Shan Thompson, Copeland, Cook, Taylor & Bush, Ridgeland, MS, George L. Lankford, Dallas, TX, for Royal Insurance Company of America, Globe Indemnity Company, and Royal Insurance Company of America.

David W. Clark, Lake Tindall, LLP, Jackson, MS, Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Vincent F. O'Flaherty, Niewald, Waldeck & Brown, Kansas City, MO, for LDL Communications, Inc., aka LeBlanc Broadcast, Inc., defendant.

Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Vincent F. O'Flaherty, Niewald, Waldeck & Brown, Kansas City, MO, for LeBlanc & Royle Telcom, Inc.

### OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is the Appeal of Defendants LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc. ("LDL") and Leblanc & Royle Telcom, Inc. a/k/a Leblanc Limited ("Leblanc") from the May 30, 2000, Order of United States Magistrate Judge Alfred G. Nicols, Jr. denying the Motion of Defendants for a protective order. Defendants ask the Court to overrule the Magistrate's Order and grant the requested protective order.

Pursuant to Fed.R.Civ.P. 72(a) and Uniform Local Rule 72.2(A)(2), this Court will uphold a Magistrate's Order unless the objecting party can show that the Order was clearly erroneous or contrary to law. *See also Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir.1993).

In this case, Plaintiff subpoenaed certain documentation from the expert witnesses designated by LDL and Leblanc, including correspondence between counsel for LDL and Leblanc and the experts. LDL and Leblanc seek a protective order allowing them to withhold from disclosure to Plaintiff all such correspondence. LDL and Leblanc contend that the correspondence is protected attorney work product and that they should not be required to produce copies of it or disclose the contents. The Magistrate denied the motion for a protective order holding that, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, the Advisory Committee Notes to the 1993 Amendment to Rule 26(a)(2), and an apparent majority of cases interpreting the rule, such correspondence is discoverable and must be disclosed.

Rule 26(a)(2) governs disclosure of expert testimony. Subsection (A) of Rule 26(a)(2) requires the disclosure of "the identity of any

person who may be used at trial" as an expert witness. Subsection (B) states that:

> this disclosure shall, with respect to a witⁱⁿess who is retained ... to provide expert testimony in the case ..., be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or *other information considered* by the witness in forming the opinions....

(emphasis added). The Advisory Committee Notes to the 1993 Amendments, which added the above quoted language to Rule 26, clarifies the intent of the disclosure requirement:

> The [expert] report is to disclose the data and *other information considered* by the expert.... Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are *privileged or otherwise protected* from disclosure when such persons are testifying or being deposed.

(emphasis added). Whether this seemingly broad disclosure requirement includes material that would otherwise be protected by the attorney work product doctrine, which is codified in Rule 26(b)(3), has been a subject of much debate since the 1993 amendments to the rule, both in the courts and with commentators.

Many district courts, and at least one commentator, have held that the plain language of Rule 26(a)(2)(B) and the accompanying Advisory Committee Note mandates disclosure of any material, factual or otherwise, that is shared with a testifying expert witness, even if such material would otherwise be protected by the work product privilege. One of the leading cases so holding is *Karn v. Ingersoll–Rand*, 168 F.R.D. 633, 635 (N.D.Ind.1996), in which the court held that the disclosure requirements of Rule 26(a)(2)(B) "trump" the work product doctrine, thereby establishing a "bright line" rule by which parties know in advance what

is discoverable and courts are relieved from having to determine what documents or portions of documents are discoverable. *See also Lamonds v. General Motors Corp.,* 180 F.R.D. 302 (W.D.Va.1998); *Musselman v. Phillips,* 176 F.R.D. 194, 202 (D.Md.1997) ("when an attorney furnishes work product—either factual or containing the attorney's impressions—to [a testifying expert witness], an opposing party is entitled to discovery of such communication"); *B.C.F. Oil Refining v. Consolidated Edison Co. of N.Y.,* 171 F.R.D. 57 (S.D.N.Y.1997) (following *Karn* to hold that all material considered by a testifying expert, including communications from counsel containing work product, must be disclosed); *Furniture World, Inc. v. D.A.V. Thrift Stores,* 168 F.R.D. 61 (D.N.M.1996); *Culbertson v. Shelter Mut. Ins. Co.,* No. 97–1609, 1999 WL 109566 (E.D.La. March 2, 1999); *Barna v. United States,* No. 95 C 6552, 1997 WL 417847 (N.D.Ill. July 23, 1997) (reasoning that the jury is entitled to know about anything, including work product, that influenced an expert witness's opinion in order to assess credibility); 8 Charles Allan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2016.2 at 251–52 (2d ed.1994); *Cf. Johnson v. Gmeinder,* 191 F.R.D. 638 (D.Kan.2000) (addressing only the disclosure of fact work product, as opposed to opinion and mental impression work product).

However, several courts, and at least one commentator, have reached the opposite conclusion. The leading case rejecting the "bright line" rule is *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289 (W.D.Mich. 1995) (holding that the Advisory Committee Note should be read only to require disclosure of factual material contained in otherwise privileged documents and that clear and unambiguous language would be required to override the work product privilege). *See also Nexxus Prods. Co. v. CVS New York, Inc.,* 188 F.R.D. 7 (D.Mass.1999) ("bright line" rule from *Karn* could encourage counsel to withhold material from an expert out of fear that it will be discoverable, which may hamper experts in forming their opinions);

*Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627 (E.D.N.Y.1997) (only factual materials are discoverable); *All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 152 F.R.D. 634 (D.Kan.1993) (case decided subsequent to effective date of amendment, but did not address the amendment); 6 James Wm. Moore, et al., Moore's Federal Practice, § 26.80[1][a] (Matthew Bender 3d ed.).

Only one court in Mississippi has addressed this issue. *Kennedy v. Baptist Memorial Hospital–Booneville, Inc.*, 179 F.R.D. 520 (N.D.Miss.1998). In that case, counsel for the defendant provided two different reports from the expert witness on consecutive days. *Id.* at 521. The Court, after recognizing that the general rule was that communications between an attorney and a retained expert witness are not discoverable, held that, under the peculiar factual scenario that existed in that case, the plaintiff was entitled to discover what caused the over-night change of opinion, including communications from defense counsel which might normally have been protected work product. *Id.* at 522. The *Kennedy* decision has been cited as a "hybrid approach." Moore, et al., *supra* at n. 13.1.

Clearly, therefore, there is a split of authority. Also, as both parties point out, the United States Court of Appeals for the Fifth Circuit has not addressed this issue.

The rationale followed by the courts that have adopted the "bright line" rule requiring disclosure of work product begins with the plain language of Rule 26(A)(2) and the Advisory Committee Note. As may be noted from that language quoted above, disclosure is required of any "material considered" by an expert in forming his opinion. The type of material that must be disclosed is not expressly limited to factual material, nor are attorneys' opinions and mental impressions explicitly excluded. Moreover, the Advisory Committee Note makes it clear that the use of the term "considered" was intended to make a broad range of material discoverable, since the material that must be disclosed includes any material "whether or not ulti-mately relied upon by the expert." Finally, in stating that "litigants should no longer be able to argue that materials furnished to their experts ... are privileged or otherwise protected from disclosure ...," the Advisory Committee Note makes it clear that the amendments to Rule 26(a)(2) were intended to "trump" all privileges, including work product. *Karn*, 168 F.R.D. at 635.

The rationale behind the "bright line" rule also includes several policy concerns. The most significant of these policy concerns is that, in today's litigious society where it has become common for a lawyer to bring in a "hired gun" to give an expert opinion that supports the lawyer's theory of the case, the opposing party and the jury are entitled to know if the lawyer's opinion or theory of the case impacted or influenced the expert's opinion. This Court agrees that this concern is sufficient to override the work product doctrine. In order to guarantee effective cross-examination, and to guarantee that the jury has all information relevant to assessing the credibility of experts, lawyers should not be allowed to influence or manipulate the experts' opinions then hide behind work product. As Magistrate Judge Alfred G. Nicols, Jr. stated in his Order of May 30, 2000:

> when an attorney hires an expert both the expert's compensation and his "marching orders" can be discovered and the expert cross-examined thereon. If the lawyer's "marching orders" are reasonable and fair, the lawyer and his client have little to fear. If the orders are in the nature of telling the expert what he is being paid to conclude, appropriate discovery and cross-examination thereon should be the consequence. Such a ruling is most consistent with an effort to keep expert opinion testimony fair, reliable and within the bounds of reason.

Those that oppose the "bright line" rule argue that the protection given to work product is such that only under the most extreme circumstances should it be violated. *See Upjohn Co. v. United States*, 449 U.S. 383, 401, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (defining

the scope of the work product doctrine); *Haworth,* 162 F.R.D. at 295 (requiring "clear and unambiguous" language in Rule 26 before violating work product). Opposers of the rule also point out that expert opinions are always subject to scrutiny by other experts and that Rule 26(b)(3) allows a party to overcome the work product privilege under proper circumstances. *See id.* at 295–96; *Magee* 172 F.R.D. at 643.

In essence, therefore, courts must balance two sets of policy concerns: one favoring full disclosure and one favoring adamant protection of attorney work product. This Court has balanced those two sets of concerns and has considered the Magistrate's Order, the reasoning therefor, and the arguments of the parties. The Court is sympathetic to the policy concerns addressed by the Magistrate's Order, which are those furthered by the "bright line" rule from *Karn.* Moreover, given the split of precedent from other courts on this issue, and given the plain language of Rule 26(a)(2) and its accompanying Advisory Committee Note, the Court finds that the Magistrate's Order was not clearly erroneous or contrary to law. For these reasons, the Court hereby affirms the Magistrate's Order and denies the Motion of Defendants LDL and Leblanc for a protective order.