OPINION
{¶ 1} Defendant-appellant, Tarter Gate Company, appeals a decision of the Warren County Common Pleas ordering disclosure of a letter written by appellant's attorney to an expert witness.
 {¶ 2} Diana Helton was injured when her minivan collided with two horses in the road. Helton filed a complaint against the owners of the horses, and against appellant, Tarter Gate, the manufacturer of the coral from which the horses escaped. During the discovery phase of the litigation, appellees served appellant's expert witness, David Dailey, with a subpoena duces tecum, requesting that he produce certain materials at his deposition. Appellants objected to a request for all correspondence between appellant's counsel and the expert witness on the basis that these materials were protected under the work-product doctrine. After allowing the parties to present legal authority to support their positions, the trial court issued a decision on the matter, ordering appellant to produce the requested correspondence.
 {¶ 3} In a single assignment of error, appellant now appeals the trial court's decision ordering production of the correspondence between counsel and the expert witness. Appellant contends that this material is protected by the work-product doctrine.
 {¶ 4} Ohio courts have not directly addressed the issue of whether letters from a party's attorney to an expert witness are discoverable by the other party. The trial court examined cases in federal courts on the discoverability of such correspondence and found that there is a split of authority on the issue. As one court considering the issue noted, "[t]here is a sea of authority on this question from which one may pluck a fish to suit one's tastes." Moyers v. Steinmetz (Va.Cir.Ct. 1995), 37 Va. Cir. 25. The trial court adopted a rule allowing discovery and ordered appellant to produce the documents.
 {¶ 5} In Ohio, Civ.R. 26(B)(3), commonly referred to as the work-product doctrine, provides that "a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or trial by or for another party or by or for that party's representative * * * only upon a showing of good cause therefor." Appellant contends that the letters are work product and should not be discoverable because appellees have not shown good cause for their production.
 {¶ 6} The Federal rule providing for protection of work product is similar to Ohio's rule, as it requires a showing of "substantial need" and an inability, without substantial hardship, to obtain the materials elsewhere. Fed.R.Civ.P.26(b)(3). Prior to 1993, the Federal Rules of Procedure required an expert witness to answer interrogatories that requested the "[s]ubstance of the facts and opinions to which the expert was expected to testify and a summary of the grounds for each opinion." Mfg. Administration and Mgt. Systems, Inc. v. ICTGroup, Inc. (E.D.N.Y. 2002), 212 F.R.D. 110, 113. Federal courts debated whether the interplay of these two rules required a party to disclose correspondence between an attorney and an expert witness expected to testify at trial.
 {¶ 7} Some courts favored a bright-line rule and held that all correspondence was discoverable. See, e.g., Boring v.Keller (D.Colo. 1983), 97 F.R.D. 404. At the same time, other Federal courts favored a rule protecting correspondence between an attorney and an expert on the basis of the work product doctrine. See, e.g., Bogosian v. Gulf Oil Corp., (C.A.3, 1984),738 F.2d 587.
 {¶ 8} In 1993, the Federal Rules regarding expert witnesses were amended. The amended rule required "far greater disclosure," including the disclosure of "all opinions to be expressed and the basis and reasons therefor" along with "the date or other information considered by the expert in forming the opinions."Mfg. Administration and Mgt. Systems, Inc. v. ICT Group, Inc.,212 F.R.D. at 113; Fed.R.Civ.P. 26(a)(2)(B). The Advisory Committee Notes to the 1993 amendments clarified the intent of the expert disclosure requirement: "The [expert] report is to disclose the data and other information considered by the expert * * *. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions — whether or not ultimately relied upon by the expert — are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Id. at 115, quoting Fed.R.Civ.P. 26 advisory committee note (1993 amendments).
 {¶ 9} The drafters of the amendment specifically rejected the requirement that the data or information be "relied on" in favor of broader language that requires that the expert only have "considered" the information for it to be discoverable. Fed.R.Civ.P. 26(a)(2) advisory committee note (1993 amendment);Mfg. Administration and Mgt. Systems, Inc. v. ICT Group, Inc.,212 F.R.D. at 115; In re Gall (Colo. 2002), 44 P.3d 233, 238.
 {¶ 10} Although there is still a split of authority on this issue, it appears the majority of the Federal courts that have considered the attorney to expert correspondence question after the effect of the 1993 amendments have determined that the rule provides for full disclosure. See, e.g., Karn v. Ingersol-Rand
(N.D.Ind. 1996), 168 F.R.D. 633; In re Pioneer Hi-BredInternational (Fed. Cir. 2001), 238 F.3d 1370.
 {¶ 11} The rationale for a rule providing such broad disclosure is based on the broadened discovery language in the 1993 amendments, along with policy concerns of predictability in a brightline rule and the entitlement of the opposing party and the jury to know if the lawyer's opinion or theory of the case impacted or influenced the expert's opinion. See TV-3, Inc. v.Royal Ins. Co. of America (S.D.Miss. 2000), 194 F.R.D. 585, 587;Intermedics, Inc. v. Ventritex, Inx. (N.D.Cal. 1991),139 F.R.D. 384, 387.
 {¶ 12} However, several federal and state courts have rejected the bright-line rule in favor of protection of core work product. Instead, these courts placed a high value on the longstanding history of the work product doctrine and the ability of an attorney to pursue various theories of the case without requiring him to reveal his thoughts, theories and mental processes to the other party. Krista v. Equitable Life Assur.Soc'y. (M.D.Pa. 2000), 196 F.R.D. 254; Pavlak v. Dyer (Pa.C.P. 2003), 59 Pa. DC 4th 353; McKinnon v. Smock (Ga. 1994)445 S.E.2d 526; Haworth Inc. v. Herman Miller, Inc. (W.D.Mich. 1995), 162 F.R.D. 289; Magee v. Paul Revere Life Ins. Co.
(E.D.N.Y. 1997), 172 F.R.D. 627.
 {¶ 13} Given this background, we now turn to the language of Ohio's discovery rules and the basis of the work-product doctrine in Ohio. Ohio's discovery rules directly address expert witnesses who are expected to testify at trial and are similar to the pre-1993 Federal rule. By the use of interrogatories, a party may require the other party to identify each person the party expects to call as a witness at trial and to state the subject matter on which the expert is expected to testify. Civ.R. 26(B)(4)(b). The party may then "discover from the expert or the other party, facts known or opinions held by the expert which are relevant to the stated subject matter." Id.
 {¶ 14} The policy behind Ohio's discovery rules is "to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases" and "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ.R. 26(A).
 {¶ 15} In Ohio, work product has traditionally received substantial protection. While fact work product receives lesser protection and may be overcome by a showing of good cause, opinion work product, reflecting the attorney's mental impressions, opinions, conclusions, judgments or legal theories, receives near absolute protection. State v. Hoop (1999),134 Ohio App.3d 627, 642. Moreover, in specific instances where work product is discoverable, such as a prejudgment interest hearing where a party's good faith efforts to settle are at issue, Ohio courts have still granted absolute protection to an attorney's theory of the case. Radovanic v. Cossler (2000),140 Ohio App.3d 208.
 {¶ 16} We agree with those courts who have determined that work product does not lose its protected status simply because it is disseminated to an expert. See All W. Pet Supply v. Hill'sPet Products Div., Colgate-Palmolive Co. (D.Kan. 1993),152 F.R.D. 634, 638. Ohio has not adopted the 1993 amendments to the Federal Rules of Civil Procedure that are the basis for the broadening of expert discovery in the federal courts. Instead, as stated above, Ohio has a longstanding policy favoring work product privacy.
 {¶ 17} In addition, we agree with the policy concerns expressed by the courts rejecting the bright-line rule allowing discovery. "It is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." Jerome v. A-Best Prod. Co., Cuyahoga App. Nos. 79139, 79140, 79141, 79142, 2002-Ohio-1824, quoting Hickman v.Taylor (1946), 329 U.S. 495, 67 S.Ct. 385.
 {¶ 18} A bright-line rule requiring discovery may encourage counsel to withhold material from an expert which may hamper the expert in forming opinions. Nexxus Prods. v. CVS New York, Inc.
(D.Mass. 1999), 188 F.R.D. 7. "The policy reasons supporting the bright line rule are not compelling and ignore the policy considerations that compel protection of core work product."Krista v. Equitable Life Assur. Soc'y., 196 F.R.D. at 259.
 {¶ 19} Therefore, we find that letters from an attorney to an expert are protected under the work-product doctrine and are not discoverable absent a showing of good cause as provided in Civ.R. 26(B)(3). Appellant does not dispute that the facts known and the opinions held by the expert in this case are discoverable, and we find that such information may be discovered by means of interrogatories or deposition as provided in Civ.R. 26(B)(4)(b).
 {¶ 20} The only Ohio case closely related to this issue comports with our decision in this case. In that case, the Ninth District allowed inquiry on cross-examination, into letters from an attorney to an expert where the expert reviewed additional material from the attorney, re-assessed the situation and changed his opinion. Angelo v. Stack (Mar. 27, 1991), Lorain App. No. 90CA004847. Given the extraordinary circumstances of the expert's change in opinion, the Ninth District found it was not an abuse to allow cross-examination on the letters. Id.
 {¶ 21} Based on the foregoing, we find that the trial court erred in ordering production of the letter from appellant's attorney to the expert witness in this case without a showing of good cause.
 {¶ 22} Judgment reversed.
Powell, P.J., and Young, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.