**ESTATE OF Douglas L. MANSHIP, et al**

v.

**UNITED STATES of America**

**No. CIV.A. 04–CV–91–M2.**

United States District Court, M.D. Louisiana.

April 13, 2006.

---

Leon Gary, Jr., Brandon Kelly Black, Charles A. Landry, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, Miriam Wogan Henry, Jones, Walker, New Orleans, LA, for Estate of Douglas L. Manship, et al.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, Frank M. Dale, Jr., Henry J. Riordan, John M. Bilheimer, U.S. Department of Justice, Washington, DC, for United States of America.

## RULING AND ORDER

NOLAND, United States Magistrate Judge.

This matter is before the Court on the Motion to Overrule Plaintiffs' Objections to Subpoena Duces Tecum (R. Doc. 100) filed by defendant, the United States of America ("United States"). Through this motion, the United States seeks to have the Court overrule any objections asserted by the plaintiffs, Estate of Douglas L. Manship, deceased; David C. Manship; Richard F. Manship; Douglas L. Manship, Jr.; and Dina Manship Planche (collectively "plaintiffs"), to a subpoena duces tecum issued to Chaffe & Associates, Inc., Investment Bankers ("Chaffe") on the ground that the plaintiffs have failed to demonstrate any documents produced by Chaffe are protected by the work-product doctrine or the attorney-client privilege. The plaintiffs have filed a memorandum of "non-opposition" to the United States' motion. (R. Doc. 102).

### FACTS & PROCEDURAL BACKGROUND

The factual background of this matter has been discussed in detail in prior rulings of the Court. Basically, the suit stems from a federal estate tax return filed with the Internal Revenue Service ("IRS") on or about January 25, 2000, which involved the valuation for estate tax purposes of the stock of three corporations owned by Douglas L. Manship, deceased: Capital City Press, Inc., Louisiana Television Broadcasting Corp., and Mobile Video Tapes Inc. (collectively "the Manship corporations"). In support of the estate tax return and a later administrative claim for refund, the Estate of Douglas Manship ("the Estate") submitted valuation reports regarding the Manship corporations prepared by Chaffe.

On February 12, 2004, the plaintiffs filed this suit seeking a refund of estate taxes paid in the amount of $26,337,667.39. In connection with this litigation, the plaintiffs have designated two Chaffe employees, Vanessa Brown Claiborne and D.B.H. Chaffe, III, as expert witnesses whose testimony may be used at trial. On May 12, 2005, the United

States issued a subpoena duces tecum to Chaffe, seeking all documents related to the valuation reports of the Manship corporations which Chaffe prepared. Chaffe mailed to the United States documents responsive to the subpoena on May 27, 2005, and did not assert any claims that the responsive documents were subject to the work-product doctrine or the attorney-client privilege. In addition, the plaintiffs did not object to the scope of the subpoena at any time prior to Chaffe's delivery of the responsive documents to the United States.

On August 11, 2005, counsel for the United States sent a letter to plaintiffs' counsel, indicating that he had come upon a document within the production made by Chaffe which was arguably subject to the attorney-client privilege. The United States pointed out, however, that any such privilege had been waived because the document had been disclosed to plaintiffs' testifying expert, Chaffe. Out of an abundance of caution, the United States requested that plaintiffs' counsel review the responsive documents and advise as to whether any specific documents were protected by the attorney-client privilege but had nevertheless been inadvertently disclosed. In response, plaintiffs' counsel notified the United States on August 22, 2005 that certain documents protected by the work-production doctrine and the attorney-client privilege had been produced and requested that the United States return those documents. The plaintiffs specifically listed those documents on a twenty-one page privilege log.

On October 12, 2005, the United States replied to plaintiffs' August 22, 2005 correspondence as follows:

> Based upon your response, we are not able to determine why any documents are covered by a privilege. Since Chaffe & Associates is a witness in this case, any documents considered by them are subject to discovery. In addition, our experts are entitled to review the same materials considered by Chaffe & Associates. Could you please inform us why any privileges were not waived? Please take notice that, if we are not able to review and use the documents during the discovery process,

we may move to disqualify or exclude Chaffe & Associates as a witness in this case.

The United States has retained all of the documents produced by Chaffe but has not reviewed those documents which are listed on the plaintiffs' privilege log because there remains a dispute as to whether those documents are protected by the work-product doctrine and/or the attorney-client privilege.

On March 3, 2006, the United States filed the present motion, seeking to have the Court overrule the plaintiffs' objections to the production of the allegedly privileged documents from Chaffe; to rule that all documents "considered" by Chaffe in connection with valuations of the Manship corporations are discoverable, regardless of any protections under the work-product doctrine or the attorney-client privilege; and to award the United States such other and further relief deemed proper, including attorneys fees and costs.

### LAW & ANALYSIS

The plaintiffs have filed a memorandum in response to the present motion, wherein they indicate that they have no opposition to permitting the United States to review the documents produced by Chaffe; yet, they contend that, because the documents were provided to Chaffe "long before this lawsuit," in conjunction with the appraisal of the Manship corporations from 1993 to 2000, the privileges applicable to those documents have not been waived.

■ The Court, however, does not find plaintiffs' argument regarding the timing of their disclosure to Chaffe to be persuasive and concludes that the plaintiffs have waived any privileges allegedly applicable to the documents at issue for the following reasons. First, the plaintiffs have, through their response to this motion, explicitly agreed to allow the opposing party to review the documents at issue, thereby waiving the privileges/protections noted in their privilege log. *Alldread v. City of Grenada,* 988 F.2d 1425 (5th Cir.1993)(*Voluntary* disclosure of information which is inconsistent with the confidential nature of the attorney-client relation-

ship waives the privilege); *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir.1999)(Disclosure of any significant portion of a confidential communication waives the privilege as to the whole).[1]

▮ Secondly, by identifying the Chaffe employees as expert witnesses who may testify at the trial of this matter, the plaintiffs have made discoverable all documents "considered" by those experts in rendering their valuation opinions. Fed.R.Civ.P. 26(a)(2)(B). Pursuant to Fed.R.Civ.P. 26(a)(2), a party is required to disclose to other parties the identity of any witness who may be used at trial to present evidence, and such disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony, be accompanied by a written report prepared and signed by the witness. Fed.R.Civ.P. 26(a)(2)(A) & (B). The report shall contain, among other things, the data or other information "considered" by the witness in forming his/her opinions. Fed. R.Civ.P. 26(a)(2)(B). Neither Rule 26 nor the Advisory Committee Notes to that rule provide that only documents "considered" *after* litigation is filed are discoverable. Instead, they provide for a "pro-discovery" approach permitting discoverability of any documents "generate[d], review[ed], reflect[ed] upon, read, and/or use[d] in connection with the formulation of [an expert's] opinions, even if such information is ultimately rejected." [2] Thus, testifying experts, such as the Chaffe employees, must produce not only their written valuation reports but also the materials that they "considered" in forming their valuation opinions, regardless of when those materials were received, generated, reviewed and/or used.[3]

▮ Thirdly, the plaintiffs failed to timely object to the scope of the documents sought by the United States' subpoena on grounds of privilege prior to the documents being produced by Chaffe or at any time prior to the production of their privilege log on August 22, 2005, after the United States

---

1. Generally, work product protection is also waived when documents are voluntarily shared with an adversary or when a party possessing documents seeks to selectively present materials to prove a point, but then attempts to invoke privilege to prevent the opponent from challenging the assertion. *Niagara Mohawk Power Corp. v. Stone & Webster*, 125 F.R.D. 578 (N.D.N.Y. 1989); *Transamerica Computer Co., Inc. v. International Business Machines Corp.*, 573 F.2d 646 (9th Cir.1978)(Disclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled).

2. The Advisory Committee Notes to the 1993 Amendments to Rule 26 provide express instruction on how to interpret the requirement that an expert disclose all information "considered" in formulating his or her opinions. *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, *2 (E.D.Pa.2005). The commentary indicates that the term "considered" in Rule 26(a)(2)(B) exceeds the more narrow definition of "relied upon," referring instead to any information furnished to a testifying expert that such expert "generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." *Id.; Amway Corp. v. Procter & Gamble Co.*, 2001 WL 1877268, at *1 (W.D.Mich.2001).

3. Despite the clear intent behind Rule 26(a)(2)(B), jurisprudential division nevertheless exists over how to interpret the Rule and its interplay with the attorney client privilege and the work product doctrine. The Fifth Circuit Court of Appeal has not directly faced the issue; however, the overwhelming majority of courts, including several district courts within the Fifth Circuit, have adopted a "pro-discovery" position, concluding that a party must disclose all information provided to a testifying expert for consideration in the expert's report, including information otherwise protected by the work product doctrine or attorney client privilege. *Id.* at *3. These courts reason that the disclosure of privileged materials to a testifying expert to formulate his or her testimony assumes that such materials will be made public or put at issue in the litigation, and effectuates a waiver to the same extent as any other disclosure. *In re Pioneer Hi–Bred Intern., Inc.*, 238 F.3d at 1375–1376. They also find that such an approach serves important policy considerations, including the facilitation of effective cross-examination and the resolution of uncertainty as to the discoverability of documentation divulged to a testifying expert. *See, Musselman v. Phillips*, 176 F.R.D. 194, 198 (D.Md.1997)(outlining the policy considerations behind the "pro-discovery" interpretation of Rule 26(a)(2)(B)).

Within the Fifth Circuit, the "pro-discovery" approach has been adopted in the cases of *TV–3 Inc. v. Royal Ins. Co. of America*, 193 F.R.D. 490 (S.D.Miss.2000), and *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571 (S.D.Tex.2005). These courts have held that information which an expert creates or reviews "related to his or her role as a testifying expert must be produced," even if the materials are privileged. *Colindres*, at 571.

pointed out that the documents produced might contain privileged material. As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived. *In re U.S.*, 864 F.2d 1153 (5th Cir.1989). A party objecting to a subpoena on the basis of privilege must both object to the subpoena and state the claim of privilege within fourteen (14) days of service as required by Fed.R.Civ.P. 45(c)(2)(B).

While there are certainly exceptions to the general rule provided in Fed.R.Civ.P. 45(c)(2)(B), the Court finds that, in this case, where the plaintiffs were served with notice of issuance of the subpoena in mid-May 2005, may have assisted Chaffe with the production, did not assert any objection or produce a privilege log until August 22, 2005, three (3) months after the subpoena was served, and have now agreed to allow the opposing party to review the allegedly privileged documents, plaintiffs' untimely objections regarding privilege have been waived.

■■■ Moreover, even if the plaintiffs' objections concerning privilege are not considered waived, the Court nevertheless finds that the objections should be overruled because the plaintiffs have not sufficiently demonstrated, through their privilege log or their arguments in response to this motion,[4] that the asserted privileges are applicable and have not established that the documents at issue are anything other than documents reviewed and/or prepared in the ordinary course of Chaffe's business as an expert in

connection with the filing of the estate tax return at issue, the administrative claim for refund, and/or the present lawsuit.

■■■ Fourthly, because the Chaffe valuation reports were submitted both with the estate tax return in question as well as with the administrative claim for refund filed by the Estate, the Court finds that the reports and related documents have been "placed at issue" in this litigation, and/or the plaintiffs "intend to rely upon" such documents in support of their case, both of which result in a waiver of the privileges asserted as to those documents. *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir.1989)(When a client places a confidential communication at issue, or intends to rely upon it, in a judicial proceeding, the privilege is waived for all communications on the same subject matter); *Conoco Ins. v. Boh Bros. Const. Co.*, 191 F.R.D. 107 (W.D.La.1998)(A party waives the attorney-client privilege when he "pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication in order to prevail. Consequently, he places at issue and waives privilege as to communications on the same subject under his control. The same waiver concept has been applied to the federal work product protection)".

Finally, the Court agrees with the United States that, without access to the documents "considered" by the Chaffe experts in rendering their valuation opinions, the United States will be unable to conduct a thorough

---

4. A privilege log should not only identify the date, the author, and all recipients of each document listed therein, but should also "describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery." *Jones v. Hamilton County Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D.Ind.2003). These categories of information, especially the last category, should be "sufficiently detailed" to allow the opposing party and the court to determine whether the withholding party has satisfied its burden of demonstrating the existence of the claimed privilege, and a generalized description of a document, which includes a conclusory statement that the document is subject to a particular privilege, is insufficient. *Id.; Haensel v. Chrysler Corp.*, 1997 WL 537687, at *4 (E.D.La. 1997). Where a party fails to comply with the requirements of Rule 26(b)(5) by submitting an inadequate privilege log, the claim of privilege "may be denied." *Johnson v. Bryco Arms*, 2005 WL 469612 (E.D.N.Y.2005).

A review of the plaintiffs' privilege log and their response to the present motion indicates that plaintiffs have only provided general descriptions of the allegedly privileged documents and have made conclusory assertions as to why the documents are privileged. These descriptions are insufficient to allow the United States to assess the applicability of the asserted privileges. Considering that the plaintiffs have failed to set forth any additional explanation as to why the asserted privileges are applicable in their response to this motion and that they are now voluntarily permitting the United States to review the subject documents, the Court finds that the present circumstances are fitting for a denial of plaintiffs' claims of privilege as to the documents produced by Chaffe.

cross-examination of those witnesses and will be unable to allow its own experts to review the same information "considered" by the plaintiffs' experts.[5] Thus, the United States should be permitted to review all documents produced by Chaffe in response to its subpoena, not only because the plaintiffs have expressed no opposition to such review but also because the plaintiffs have waived any purportedly applicable privileges related to those documents.

Accordingly;

**IT IS ORDERED** that the Motion to Overrule Plaintiffs' Objections to Subpoena Duces Tecum (R. Doc. 100) filed by defendant, United States, is hereby **GRANTED** and that the United States is permitted to review all of the documents produced by Chaffe & Associates, Inc., Investment Bankers in response to the United States' subpoena duces tecum.

**IT IS FURTHER ORDERED** that the United States is entitled to an award of the reasonable attorney's fees and expenses associated with the preparing and filing of this motion.

**IT IS FURTHER ORDERED** that, in connection with that award of attorney's fees and expenses, the parties shall do the following:

(1) If the parties agree to the amount of attorney's fees and costs, the plaintiffs shall pay that amount;

(2) If the parties do not agree to the amount, the defendant shall, within twenty (20) days of the date this Order is signed, submit to the Court a report setting forth the amount of costs and attorney's fees incurred in obtaining this Order; and

---

**5.** The Advisory Committee Notes to the 1993 amendments to Rule 26(a)(2)(B) indicate that the rule is designed to impose a duty upon the parties to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses. *See also, Johnson v. Gmeinder,* 191

(3) The plaintiffs shall have ten (10) days after the filing of defendant's report to file an opposition.

---

F.R.D. 638, 645–647 (D.Kan.2000)(Obtaining the materials or documents "considered" by a testifying expert is "crucial if an adverse party is to determine the extent to which the opinion of the expert may have been influenced by counsel or by non-testifying experts." Without access to the materials reviewed by an expert witness, the opposing party will be denied the opportunity to a full and fair cross-examination).